UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MAINE

Theresa Whiting

                **Plaintiff,**

v.                                                  Civil Action No.

**Blue School, Inc., and**

**Kenneth S. Palmer**

                **Defendants.**

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

INTRODUCTION

1. This is an action to remedy the failure of defendant employers to pay plaintiff employee Theresa Whiting the overtime wages that are due for work she performed beyond 40 hours in a week, in particular for work she performed in addition to billable hours worked, and defendants' failure to pay plaintiff Whiting the minimum wages due and all wages due for her work at the promised hourly rate.

2. Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff Whiting hereby demands a trial by jury on issues triable of right by jury.

**Count I**

**Claims for Overtime and Minimum Wages under the Fair Labor Standards Act
Against Defendants Blue School, Inc. and Kenneth Palmer**

3. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331, 1337, 1367 and by 29 U.S.C. § 216(b).

1

4. Defendants have and had an office and a place of business in Bangor, Maine, within the jurisdiction of this court, and in various other locations throughout the State of Maine during all times relevant to this Complaint, and are now, and at all times hereinafter mentioned have been, engaged in the operation of a business.

5. Plaintiff Theresa Whiting currently resides in the town of Holden, County of Penobscot, and State of Maine.

6. Plaintiff Whiting brings this action to recover from defendants unpaid minimum wages and overtime compensation and, in addition, an equal amount as liquidated damages pursuant to §16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), Title 29 U.S.C. §216(b).

7. Defendant Blue School, Inc., ("Blue School"), is a Maine corporation, incorporated in 2003, engaged in the business of delivering rehabilitative and support services through a pre-school program, and an in-home support program. Blue School is a for-profit agency that, among other activities, provides case management and rehabilitative and support services, using Medicaid/ Mainecare funds, to children with developmental and intellectual disabilities.

8. Defendant Kenneth S. Palmer ("Palmer") is now, and at all times relevant to this complaint was an owner and officer of the defendant Blue School, who actively managed, supervised, and directed the business affairs and operations of that corporation, and had operational control over significant aspects of the corporation's day-to-day functions including compensation of employees. Palmer has acted at all times material herein directly and indirectly in the interest of said corporation in relation to its employees. He participated directly in the performance of the wrongful

acts described above.  Therefore, defendant Palmer is an employer of plaintiff Whiting within the meaning of the federal law.

9. At all times relevant to this action, defendants Blue School, and Palmer are and have been engaged in the operation of an enterprise in the State of Maine engaged in commerce within the meaning of §3(s) and 3 (r) of the Fair Labor Standards Act ("FLSA").  Upon information and belief, Blue School has in excess of $500,000 receipts in each of the last ten years. Upon information and belief, Blue School has approximately 30 employees.  Blue School's receipt of Medicaid funds, since these are from a federal source, and receipt of supplies ordered or received from out of state sources, constitutes interstate commerce. It is subject to named enterprise coverage under the Fair Labor Standards Act, §3 (s) (1) (B).  It is also subject to enterprise coverage under §3 (s) (1) (A) of the Act.

10. At all times hereinafter mentioned, defendants Blue School and Palmer have employed employees in and about their place of business in Maine in the activities of defendants' enterprise engaged in commerce.  Therefore, these employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §3(s) and §3 (r) of the Act.

11. The defendants employ plaintiff Whiting as a Case Manager from on or about November 2, 2013 to September 11, 2015, providing services to clients in the Blue School's in-home support program.

12.  Plaintiff Whiting provided services to clients in Hancock, Penobscot,  Piscataquis and Waldo counties as well as other areas in Maine.

13. Plaintiff Whiting's work as a case manager consisted of visiting children and their family members at their homes, assessing their mental health conditions, and developing and implementing treatment plans, and preparing reports of each visit.

14. During her entire employment by defendants, plaintiff Whiting, who held a Master's Degree in Special Education, and, as of March 16, 2015, who was a Licensed Social Worker Conditional, worked under the supervision of a Licensed Clinical Social Worker or Practitioner hired by defendants. That supervisor reviewed each progress note, report and plan written by Plaintiff Whiting and had the authority to approve or disapprove of plaintiff Whiting's work.

15. On a weekly basis, from Monday to Friday, routinely, plaintiff Whiting worked from 8:30 a.m. to 6 p.m. travelling and visiting clients in person; once each week, she met with her supervisor; and for approximately 8 hours on one weekend day, she worked completing paperwork, notes and reports.

16. Plaintiff Whiting was compensated by defendants on an hourly basis at the rate of $18.00 per hour for the time while she was providing services in-person or by telephone to clients and for the time spent meeting with her supervisor. During 2014, on occasion, plaintiff Whiting wrote plans for defendant's Section 28 clients, for which defendants compensated her at the hourly rate of $8.00 per hour, and $12.00 for hours designated as overtime. Plaintiff Whiting was not compensated for the time she spent travelling between work sites and clients' homes, and was not compensated for the time she spent completing reports of her visits with clients.

17. Throughout her employment, plaintiff Whiting regularly worked in excess of 40 hours per week.

18. Defendants failed to pay plaintiff Whiting overtime wages for all the hours she worked in excess of 40 each work week, and, on some occasions, defendants failed pay plaintiff Whiting the minimum wage.

19. Defendants did not maintain accurate records of all hours worked by plaintiff Whiting.

20. Throughout her employment from January 1, 2014 to September 11, 2015, with the exception of one week of vacation in 2014 and one week of vacation in 2015, plaintiff Whiting regularly worked an estimated 55.5 hours per week. For her work as a Case Manager, defendants only compensated her for the billable hours, which were limited to the time she spent in person with clients and supervisors, and which typically amounted to at least 40 hours per week.

21. Plaintiff Whiting was not compensated for an estimated 15.5 hours of work each work week. Her activities during this uncompensated time consisted of approximately 2 hours each day from Monday to Friday driving between her first work site and subsequent work sites, and 8 hours completing case management reports each weekend.

22. For some weeks throughout her employment, plaintiff Whiting worked more than 55.5 hours for which she was not paid all overtime wages owed.

23. By failing to compensate plaintiff Whiting for all hours of work each week, defendants violated the Fair Labor Standards Act. By not recording plaintiff Whiting's total hours worked, defendants made it appear that she was not working hours in excess of 40 hours on a regular basis.

24. On information and belief, plaintiff Whiting is owed an estimated $26,941.70 in overtime pay for the period from November 30, 2013 to September 12, 2015. In addition, plaintiff claims liquidated damages on the above amount.

25. The defendants have engaged in the practice of permitting plaintiff Whiting, an hourly non-exempt employee to perform work for their benefit, for which work they do not credit her for all overtime hours worked.

26. Plaintiff Whiting worked for defendants for an estimated 40 hours in each of 4 weeks from November 2, 2013 to November 29, 2013, for which defendants did not compensate her at all for her work, thereby failing to pay minimum wages of $7.25 per hour required by the Fair Labor Standards Act.

27. Plaintiff Whiting worked for defendants for an estimated 50.5 hours each week for 5 weeks from November 30, 2013 to December 31, 2013, for which defendants did not compensate her for all hours worked. Instead defendant compensated plaintiff Whiting for only 63 hours work at the hourly rate of $18.00. Defendants failed to compensate plaintiff Whiting for all hours worked at the minimum wage of $7.25 per hour.

28. On information and belief, plaintiff Whiting is owed an estimated $2,258.38 in minimum wages for the period from November 2, 2013 to December 31, 2013. In addition, plaintiff claims liquidated damages on the above amount.

29. The defendants have willfully engaged in a pattern and practice of unlawful conduct by failing to credit or compensate plaintiff Whiting for all of the time the defendants permitted her to perform work.

30. The defendants' violation of the Fair Labor Standards Act was willful because the defendants either knew or showed reckless disregard as to whether their conduct was prohibited by the Act.

WHEREFORE, plaintiff Whiting prays this Court to enter judgment for her and against the defendants on the basis of the defendants' violations of the Fair Labor Standards Act, 29 U.S.C., §201 and the following:

A. to award plaintiff Whiting actual damages in the amount shown to be due for overtime wages, with interest;

B. to award plaintiff Whiting actual damages in the amount shown to be due for minimum wages, with interest;

C. to award plaintiff Whiting an amount equal to her actual damages in liquidated damages;

D. to award plaintiff Whiting reasonable attorneys' fees and costs of suit; and

E. to grant such other relief as this Court deems equitable and just.

## Count II

### Maine Wage Payment Law Overtime and Minimum Wage Claims
### Against Defendant Blue School

31. Plaintiff Whiting repeats each and every allegation of each of the paragraphs above, and incorporates them by reference.

32. Plaintiff Whiting invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367. The facts forming the basis for this state law claim are the same facts which form the basis of the claim under the Federal Fair Labor Standards Act. The

state claim is so related to the first claim that they form a part of the same case or controversy.

WHEREFORE, plaintiff Whiting prays this Court to enter judgment for her and against the defendant pursuant to 26 M.R.S.A. §§664, 670, and:

A. to award plaintiff Whiting actual damages in the amount shown to be due for overtime wages, with interest;

B. to award plaintiff Whiting actual damages in the amount shown to be due for minimum wages, with interest;

C. to award plaintiff Whiting an amount equal to her actual damages in liquidated damages;

D. to award plaintiff Whiting reasonable attorneys' fees and costs of suit; and

E. to grant such other relief as this Court deems equitable and just.

## Count III

**Maine Wage Payment Law Claim for Unpaid Wages Against Defendant Blue School**

33. Plaintiff Whiting repeats the allegations of each of the paragraphs above and incorporates them herein by reference.

34. Plaintiff Whiting worked for defendant Blue School for an estimated 40 hours in each of 4 weeks from November 2, 2013 to November 29, 2013, for which defendant did not compensate her at all for her work at the promised hourly rate of $18.00 per hour.

35. Plaintiff Whiting worked for defendant Blue School for an estimated 50.5 hours each week for 5 weeks from November 30, 2013 to December 31, 2013, for which defendant did not compensate her for all hours worked at the promised hourly rate of

$18.00 per hour. Instead defendant compensated plaintiff Whiting for only 63 hours work at the hourly rate of $18.00.

36. Plaintiff Whiting has demanded from the defendant Blue School payment of wages earned during her employment during days for which no wages were paid, and for days when she was not paid all the wages due, which wages remain unpaid.

37. On information and belief, plaintiff Whiting is owed an estimated $6,291.00 in unpaid hourly wages for the period from November 2, 2013 to December 31, 2013.

38. Defendant Blue School has failed within a reasonable time after said demand to pay in full said unpaid wages.

WHEREFORE, plaintiff Whiting prays this honorable Court pursuant to 26 M.R.S.A. §626 to award plaintiff:

A. her unpaid wages plus interest;

B. an additional amount equal to twice the amount of such wages as this Court finds to be due;

C. costs of suit including a reasonable attorney's fee;

D. any further relief that this Court deems to be just and proper.

Dated: April 8, 2016      */s/ Lisa J. Butler*_____
Lisa J. Butler, Esq.
Maine Employee Rights Group, P.A., LLC
23 Water Street, Suite 207
Bangor, Maine 04401
Tel: (207) 217-6573
Fax: (207) 217-6571
lbutler@maineemployeerights.com

Attorney for Plaintiff